# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM LEE LEWIS, #48410, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-01480 |
| ) | |
| TENNESSEE DEPARTMENT OF ) | Senior Judge Haynes |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff, William Lee Lewis, a state inmate at the Montgomery County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against Defendant, the Tennessee Department of Correction ("TDOC"). (Complaint, Docket Entry No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. Upon review of his submission, Plaintiff lacks the funds to pay the entire filing fee in advance and Plaintiff's application to proceed as a pauper (Docket Entry No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The Administrator of the Montgomery County Jail, as custodian of Plaintiff's prison trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to

Plaintiff for the preceding month), but only when Plaintiff's monthly income exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this order to the Administrator of the Montgomery County Jail to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the Administrator must ensure that a copy of this order follows Plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

Plaintiff's complaint is before the Court for an initial review under the PLRA, in accordance with which the Court must dismiss *sua sponte* any civil *in forma pauperis* complaint if it fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii).

According to his complaint, as a state inmate in a county jail, Plaintiff is not afforded the same state rehabilitative services, educational and work opportunities, and living conditions as inmates who are housed in state prisons. Plaintiff seeks damages and injunctive relief against the only named defendant, TDOC. State agencies and departments are not persons that can be sued in a Section 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989).

This action is therefore **DISMISSED** for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(iii).

This is the Final Order in this action. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(B).

It is so **ORDERED**.

**ENTERED** this the 21st day of December, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge